FILED
SUPERIOR COURT
OF GUAM

2020 MAR 16 AM 11: 21

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**HARVEY ARUN KANSOU,**<br>*aka "RV", aka Peter Arun Rain, aka Harp Meld, aka Harvey Arun Kansao, aka Junky Mesor, aka Harp Melo, aka Siaharvey Kansou, aka Mikey,*<br>DOB: 09/19/1983 or 11/29/1984<br>      or 09/30/1985 or 12/19/1985<br>      or 11/30/1986<br><br>                        Defendant. | CRIMINAL CASE NOS.:<br>CF0389-19 and CM0275-19<br><br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on November 14, 2019, upon the People's Motion to Dismiss in Criminal Case No. CM0275-19 and the Defendant's Motion to Dismiss for Double Jeopardy in Criminal Case No. CF0389-19 filed July 18, 2019, and August 27, 2019, respectively. Defendant Harvey Arun Kansou ("Defendant") is represented by Attorney F. Randall Cunliffe ("Attorney Cunliffe"). Assistant Attorney General Sean E. Brown represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On July 1, 2019, the Defendant was charged via Magistrate's Complaint with Assault (as a Misdemeanor) in Criminal Case No. CM0275-19 ("CM0275-19"). According to the

Declaration attached to the Magistrate's Complaint, on June 29, 2019, a witness observed an unknown male hit the victim in the head with a pipe while the Defendant kicked and punched the victim while the victim was on the ground. When the police arrived, the victim was unconscious and appeared to have sustained a six-inch cut on the back of his head. The victim was immediately transported to Guam Naval Regional Medical Hospital for treatment. On July 2, 2019, the victim died from those injuries.

On July 5, 2019, the People filed a Magistrate's Complaint in Criminal Case No. CF0389-19 ("CF0389-19"), accusing the Defendant of murder for the death of the victim in CM0275-19. On July 15, 2019, a grand jury returned a true bill, charging the Defendant with: 1) Murder (as a First Degree Felony); 2) Conspiracy to Commit Aggravated Assault (as a Second Degree Felony) with Special Allegation: Deadly Weapon Used in Commission of a Felony; and 3) Aggravated Assault (as a Second Degree Felony).

On July 17, 2019, the Defendant appeared for an arraignment in CM0275-19 before Magistrate Judge Jonathan Quan ("Magistrate Quan"). The Defendant, through counsel, waived a reading of the complaint and entered a plea of no contest to the charge of Assault (as a Misdemeanor). Magistrate Quan accepted the Defendant's no contest plea and referred the matter to this Court for trial setting. That same day, the Defendant was also scheduled for arraignment in CF0389-19. The magistrate court however, continued the arraignment hearing to July 31, 2019, due to the pending Motion to Withdraw filed by the Defendant's attorney in the felony matter. The Court granted the motion and appointed Attorney Cunliffe to represent the Defendant in both criminal matters.

On July 18, 2019, the People filed a Motion to Dismiss in CM0275-19 on the grounds that a dismissal would best serve the interests of justice and judicial economy due to the Defendant's Indictment in CF0389-19. On July 29, 2019, the Defendant opposed the motion, citing the Defendant's no contest plea in CM0275-19. In their Reply filed August 6, 2019, the People contend that the Court did not accept the Defendant's plea of no contest, and even if the plea was accepted, the Defendant was not advised of all the rights and advisements necessary for the Court to enter a voluntary and intelligent plea.

On August 27, 2019, the Defendant filed a Motion to Dismiss for Double Jeopardy in CF0389-19, on the grounds that jeopardy attached in Criminal Case No. CM0275-19. Specifically, the Defendant argues that jeopardy attached when the Court accepted the Defendant's no contest plea in CM0275-19. On October 22, 2019, the People opposed the Defendant's motion, arguing once again that the Court did not accept the Defendant's no contest plea, and even if the plea was accepted, the Court did not advise the Defendant of all the rights and advisements required by the Court to enter a voluntary and intelligent plea.

On November 14, 2019, the Court heard oral arguments on the competing motions in both CM0275-19 and CF0389-19. At the conclusion of the hearing, the Court took the matters under advisement.

## DISCUSSION

The Defendant moves the Court to dismiss the Indictment in CF0389-19 because it violates the Defendant's Fifth Amendment right against double jeopardy. The Defendant argues that, pursuant to Guam law, jeopardy attached when the Court entered the Defendant's no contest plea in CM0275-19. The People, on the other hand, move to dismiss the Indictment in CM0275-19. The People argue primarily that the Court did not accept a formal no contest plea at the Defendant's arraignment in CM0275-19, and even if a plea had been accepted, double jeopardy did not attach. The People however, have failed. As explained below, the Court has no choice but to dismiss the indictment in CF0389-19.

## I.      The Double Jeopardy Clause.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution prohibits more than one prosecution for the same offense. U.S. CONST. amend V. The Organic Act of Guam similarly provides that "[n]o persons shall be subject for the same offense to be twice put in jeopardy of punishment . . . . " 48 U.S.C. § 1421b(d) (1950); see also People v. Reyes, 1998 Guam 32, ¶ 23 (acknowledging that the Double Jeopardy Clause of the United States Constitution is made applicable to Guam through the Organic Act). The Guam Legislature also codified these protections in Title 9 G.C.A. §§ 1.22-1.26 (2005).

Guam law governing double jeopardy of different offenses provides in relevant part:

> A prosecution of a defendant for a violation of a *different provision of the statutes* or based on different facts than a former prosecution is barred by such former prosecution under the following circumstances:
> (a) *The former prosecution resulted in an acquittal or in a* **conviction** as defined in § 1.24 and the subsequent prosecution is for:
> > (1) any offense of which the defendant could have been convicted on the first prosecution;
> > (2) any offense of which the defendant should have been tried on the first prosecution under Subsection (b) of § 65.30 of the Criminal Procedure Code unless the court ordered a separate trial of the charge of such offense; or
> > (3) *the same conduct*, unless (A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil, or (B) the second offense was not consummated when the former trial began.

9 G.C.A. § 1.26 (emphasis added). Further, Section 1.22 provides that "[w]hen the same conduct . . . establish[es] the commission of more than one offense, the defendant may be prosecuted for each offense. He may not however, be convicted of more than one offense if . . . one offense is included in the other as defined in § 105.58 of the Criminal Procedure Code." 9 GCA § 1.22. Under Section 105.58(b)(1) of the Criminal Procedure Code, an offense is included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." 8 GCA 105.58(b)(1). In other words, the Defendant may not be subsequently prosecuted for a greater offense if he was previously convicted of the lesser included offense. See Blockburger v. U.S., 284 U.S. 299, 304 (1932) (A Defendant may not be punished under separate statutes for a single act when the statutes punish the same offense); see also Brown v. Ohio, 432 U.S. 161, 166 (1977) (A Defendant may not be successively prosecuted under separate statutes that constitute the same offense under the Blockburger test).

Here, in CM0275-19, the Defendant is being charged with Assault (as a Misdemeanor) in violation of 9 GCA § 19.30(a)(1). In CF0389-19, the Defendant is being charged with Murder (as a First Degree Felony) in violation of 9 GCA § 16.40(a)(2). Assault, as a charged, is defined as a person who "either recklessly causes or attempts to cause bodily injury to another". 9 GCA § 19.30(a)(1). Murder, as charged, is defined as a person who "recklessly causes the

death of another human being under circumstances manifesting extreme indifference to the value of human life". 9 GCA § 16.40(a)(2). As charged, assault requires a less serious risk of injury, that is, "bodily injury," while murder, as charged requires "death." Therefore, assault is a lesser included offense of murder because assault, as charged, differs only in respect that a less serious injury suffices to establish its commission. See People v. Nathan, 2018 Guam 13 ¶ 16 (finding that Aggravated Assault is a lesser included offense of Murder). Accordingly, for the purposes of the Court's double jeopardy analysis, the Court finds that Assault, as charged in CM0275-19, is a lesser included offense of Murder, as charged in CF0389-19.[1]

Nevertheless, the parties do not dispute that the charges in both CM0275-19 and CF0389-19 result from the same factual background. At dispute is whether there was a proper conviction in the former prosecution, CM0275-19, to invoke double jeopardy protections in the subsequent felony matter, CF0389-19. Title 9 G.C.A. § 1.26 makes reference to the definition of conviction in the preceding section: "There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, or a verdict of guilty which has not set aside and which is capable of supporting a judgment, or *a plea of guilty accepted by the court*." 9 G.C.A. § 1.24 (emphasis added); see also 8 G.C.A. § 1.19 ("No person may be convicted of an offense except by . . . a plea of guilty or *nolo contendere*."). In other words, a defendant will stand convicted of the crimes charged upon the Court's acceptance of a no contest plea. Id.

In CM0275-19, the Defendant entered a plea of no contest to the charge of Assault (as a Misdemeanor). The Defendant maintains that upon the Court's acceptance of his plea, a conviction ensued, and therefore, jeopardy attached. The People however, argue that the Court did not accept the Defendant's plea of no contest, and even if the plea was accepted, the Defendant was not properly advised of all the rights and advisements necessary for the Court to enter a voluntary and intelligent plea. Having determined that a conviction occurs upon the

---

[1] On February 19, 2020, the Court ordered further briefing on the issue of whether the offenses of Assault (as a Misdemeanor) and Murder (as a First Degree Felony) constitute the "same offense" for the purposes of double jeopardy. The Defendant filed his Further Briefing re: Defendant's Motion to Dismiss for Double Jeopardy on February 28, 2020. The People failed to file a supplemental brief or otherwise respond to the Court's order.

court's acceptance of a no contest plea, the Court's next inquiry turns to whether the magistrate court properly accepted the Defendant's no contest plea in CM0275-19.[2]

## II.   The Defendant's No Contest Plea in CM0275-19.

There are four types of pleas available to a defendant: not guilty; not guilty by reason of mental illness, disease or defect; guilty; or *nolo contendere*, otherwise known as a no contest plea. 8 G.C.A. §§ 60.40(a)(1)-(4). "A defendant may plead nolo contendere only with the consent of the court . . . [and] shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice." 8 G.C.A. § 60.40(b). Title 8 G.C.A. §§ 60.40-60.90 governs a defendant's rights and requirements for entering a guilty or no contest plea. Before the court can accept either plea, the court must make a determination that the defendant, *inter alia*, understands the nature and consequences of the intended plea, the maximum sentence provided by law, and the voluntariness of the plea. 8 G.C.A. §§ 60.40-60.90.

Here, the People assert that the magistrate court did not accept the Defendant's plea of no contest because the court neither informed the Defendant of his rights nor made a determination that the Defendant understood or voluntarily waived those rights. The Defendant on the other hand, does not deny that the magistrate court may not have fully advised him of all the rights and requirements necessary for entering a no contest plea. Instead, the Defendant argues that the provisions of 8 G.C.A. §§ 60.40-60.90 were intended to protect the defendant and allow for the defendant's withdrawal of a plea. In other words, the Defendant contends that it is a defendant's right to set aside a plea for a failure to comply with the mandates of 8 G.C.A. §§ 60.40-60.90, *not* the government's. The Court agrees.

The People do not cite any authority or case law giving courts the ability to set aside a defendant's plea upon a motion by the government when the defendant does not seek to

---

[2] The People argue that double jeopardy applies only upon sentencing. As the Court found above, pursuant to Guam law, a conviction occurs upon the court's acceptance of a guilty or no contest plea. 8 G.C.A. §§ 1.24 and 1.26. Thus, the People's argument that double jeopardy normally only applies once someone has been sentenced under a plea fails.

withdraw the plea himself. The Supreme Court of Guam however, has issued several opinions regarding the withdrawal of guilty and no contest pleas. See People v. Castro, 2016 Guam 6 (affirming the trial court's denial of the defendant's motion to withdraw guilty plea, and finding that the trial court conducted a proper plea colloquy); see also People v. Van Bui, 2008 Guam 8 (holding that the defendant's guilty plea was not made voluntarily, knowingly, or intelligently, and therefore, was not properly accepted by the trial court); see also People v. Chung, 2004 Guam 2 (finding no indication that the defendant understood the trial court's explication of the nature of the charges and therefore, trial court accepted the plea in violation of 8 G.C.A. § 60.50); see also People v. Manley, 2010 Guam 15 (finding the defendant entered into the plea agreement voluntarily, knowingly, and intelligently); see also People v. Habib, 2010 Guam 9 (permitting defendant to withdraw his plea). In these cases, it *is the defendant* seeking withdrawal of the plea, asserting that it was not made voluntarily, knowingly, or intelligently pursuant to 8 G.C.A. § 60.50.

Conversely, there are no Guam Supreme Court cases discussing the withdrawal of guilty or no contest pleas upon a motion by the government. However, there is case law amongst the different jurisdictions wherein a lower court set aside a defendant's plea either independently or upon the government's motion – these cases were ultimately reversed on appeal. See U.S. v. Patterson, 381 F.3d 859 (9th Cir. 2004) (finding the lower court was not free to vacate the plea on the government's motion); see also U.S. v. Fagan, 996 F.2d 1009 (5th Cir. 1993) ("once the district court accepts a guilty plea, absent fraud or breach of the plea agreement by the defendant, the court has no authority to vacate the guilty plea because a government motion . . . ."); see also State v. Spraggins, 742 NW.2d 1 (Minn. Ct. App. 2007) (the lower court did not have authority to vacate defendant's plea *sua sponte* and over his objection).

Further, Title 8 G.C.A. § 60.50, derives from proposed Rule 11(c) of the Federal Rules of Criminal Procedure and ABA, Project on Minimum Standards for Criminal Justice Pleas of Guilty § 1.4 (Approved draft 1968)[3]. See 8 G.C.A. 60.50 NOTE. The core purpose of Rule 11 is

---

[3] Thus, case law interpreting Rule 11 is persuasive. People v. Chung, 2004 Guam 2 (citing Guam v. Ojeda, 758 F.2d 403, 406 (9th Cir. 1985).

to ensure that guilty and no contest pleas are made knowingly and voluntarily. U.S. v. Pena, 315 F.3d 1152, 1157 (9th Cir. 2003). The failure to satisfy those safeguards affects the **substantial rights of a defendant**. Id. (emphasis added); see also United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000) (stating that a court's failure to satisfy any of the core objectives of Rule 11 affects a defendant's substantial rights).

As explained above, Title 8 G.C.A. §§ 60.40-60.90 and Rule 11 were intended to protect the defendant. In this case, the Defendant is not seeking to withdraw his no contest plea in CM0275-19, nor is he claiming that his plea was made involuntarily or unknowingly. Thus, although the magistrate court may not have advised the Defendant of all his rights pursuant to 8 G.C.A. § 60.50, it does not give the People the right to move this Court to set aside the Defendant's plea when he is not seeking to have it set aside himself. Further, the People never objected to the Defendant's no contest plea at arraignment. Both CM0275-19 and CF0389-19 were scheduled for arraignment on the same day. However, although aware of both matters, the People did nothing.[4] Consequently, the Court has no choice but to find that although the magistrate judge did not follow all of the procedural safeguards of 8 G.C.A. § 60.50, the Defendant's no contest plea was nonetheless accepted by the magistrate court. Thus, pursuant to Guam law, jeopardy attached at the time the court accepted the Defendant's no contest plea for Assault (as a Misdemeanor) in CM0275-19.

### III. The Defendant did not consent to multiple prosecutions.

Finally, the People alternatively argue that the Defendant consented to having multiple prosecutions since he was aware of the Indictment in CF0389-19 at the time of arraignment in CM0275-19. The People cite to Currier v. Virginia, 138 S. Ct. 2144, 201 L. Ed. 2d 650 (2018) to support their argument. In Currier however, both the defendant and the government agreed to a severance of the charges, and when the jury acquitted the defendant in the first trial, the

---

[4] Both CM0275-19 and CF0389-19 were before the magistrate court for arraignment. Consequently, the People's "delayed death" argument fails. The People cite New York's "delayed death" exception which permits a second prosecution for murder when a death occurs after a prosecution non-homicidal related offense. Here, the victim passed away on July 2, 2019, *before* the Defendant entered his no contest plea in CM0275-19, and the Indictment in CF0389-19 *preceded* the Defendant's no contest plea. Thus, this "delayed death" exception proffered by the People, although inapplicable to Guam, is unbefitting.

defendant then sought to dismiss the other severed charges on the grounds of double jeopardy. Id. Here, there is no severance of charges. Although the Defendant may have been aware of the Indictment in CF0389-19 at the time of his arraignment and no contest plea in CM0275-19, it does not, in and of itself, bar double jeopardy protections in the subsequent felony matter. Accordingly, Currier is not on point here. Thus, the People's alternative argument fails.

## CONCLUSION

For the reasons set forth above, the Court has no choice but to **GRANT** the Defendant's Motion to Dismiss for Double Jeopardy in Criminal Case No. CF0389-19 and **DENY** the People's Motion to Dismiss in Criminal Case CM0275-19. Pursuant to Guam law, jeopardy attached in CF0389-19 at the time the Court accepted the Defendant's no contest plea in CM0275-19. Accordingly, the charges contained in the Indictment against the Defendant in CF0389-19 are hereby **DISMISSED** in accordance with the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution through the Organic Act of Guam, and Title 9 G.C.A. §§ 1.22-1.26 (2005).

MAR 16 2020

**IT IS SO ORDERED** _____.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Abi Moots

Date: 3/16/24  Time: 11:25

Deputy Clerk, Superior Court of Guam